Polymetcor Trading SA v Traxys N. Am. LLC (2024 NY Slip Op 05499)

Polymetcor Trading SA v Traxys N. Am. LLC

2024 NY Slip Op 05499

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Moulton, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Index No. 654022/22 Appeal No. 2969 Case No. 2023-04037 

[*1]Polymetcor Trading SA, Plaintiff-Respondent,
v
Traxys North America LLC, Defendant-Appellant. 

Lennon, Murphy & Phillips, LLC, New York (Patrick F. Lennon of counsel), for appellant.
Meyers, Saxon & Cole, Brooklyn (Aundrea C. Melancon of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams, J.), entered July 3, 2023, which denied defendant's motion to dismiss the complaint, unanimously affirmed, with costs.
The motion court properly held that plaintiff did not agree to shorten the statute of limitations to one year so as to warrant dismissal of the complaint as untimely. An agreement must have sufficiently definite terms and the parties must express their assent to those terms, and that acceptance must comply with the terms of the offer (see Silber v New York Life Ins. Co., 92 AD3d 436, 439-440 [1st Dept 2012]). Here, in addition to the fact that all three purchase contracts were not countersigned by plaintiff, email correspondence between the parties indicates that plaintiff further negotiated the purchase contract and proposed its own form of contract within 10 days after receiving defendant's purchase contracts. Therefore, there was no "meeting of the minds" between the parties on defendants' purchase contracts containing the limitations clause (see D'Artagnan v Sprinklr Inc., 192 AD3d 475, 476-477 [1st Dept 2021]; Silber at 439-440).
Since all three purchase contracts produced by defendant are without plaintiff's countersignature, and email correspondence shows that plaintiff never expressly accepted terms proposed by defendant's purchase contracts, the motion court correctly found that the one-year contractual limitation in the purchase contracts does not preclude plaintiff from pursuing its claims against defendant at this stage of the litigation (see generally Scollar v City of New York, 160 AD3d 140, 144 [1st Dept 2018]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024